MATTHEWS *et al. v.* RADFORD *et al.*

FISH, C. J. 1. A testator devised and bequeathed all of his property to one of his sons in trust for the testator's children and grandchildren. He directed that the trustee should cause 150 acres of a certain tract of land to be set off to one of his daughters, in trust for her during life, and to be divided among her children at her death, share and share alike. He then provided as follows: "I hereby direct my trustee to cause a division of the residue and remainder of my estate, personal and real (except any mines that may hereafter be discovered on any of my lands), all advances first being accounted for to be equally made among my children and grandchildren, said latter taking per stirpes and not per capita; and provided always that my trustee do and shall stand possessed of the shares of each and all my daughters, to be subject in and all respects to the trusts, limitations, and final vestings of equitable interest as is declared of the legacy of my daughter" (above mentioned). Certain persons, claiming to be children of one of the testator's daughters, brought an action to recover a one-third undivided interest in a parcel of land, which they averred had belonged to the testator. On the trial the plaintiffs introduced evidence tending to show that the land had belonged to the testator, and that they were the children of one of his daughters. It did not appear from the evidence how many children the testator left, and, therefore, what undivided interest would pass to their mother. *Held:* Regardless of the ruling on the motion to strike the answer of the defendants, made after the close of the evidence by both sides, and the question raised by the objection to certain evidence, the plaintiffs failed to show that they were entitled to any specific interest, and therefore they could not recover.

2. Under the facts in the case, there was no error in directing the verdict in favor of the defendants.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 24, 1914.

Complaint for land. Before Judge Hammond. Burke superior court. October 7, 1912.

*Hal B. Wimberly* and *F. S. Burney,* for plaintiffs.

*Brinson & Hatcher,* for defendants.